**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(**Alexandria Division**)

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* STEPHEN BACHERT, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:16 CV 456 (TSE/JFA) |
| TRIPLE CANOPY, INC., | |
| Defendant. | **ORAL HEARING REQUESTED** |

**MEMORANDUM IN SUPPORT OF TRIPLE CANOPY, INC.'S MOTION TO DISMISS
THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.  STATEMENT OF FACTS ...........................................................................................1

II.  SUMMARY OF ARGUMENT....................................................................................1

III.  STANDARDS OF REVIEW UNDER RULES 9(b) AND 12(b)(6) .................................2

IV.  ARGUMENT ..........................................................................................................4

    A.  Relator's Count I Fails to Allege an FCA Claim. ....................................................4

        i.  Relator's Count I fails to plead particularized facts as required by Rule 9(b). ..........................................................................................5

            1.  Relator does not adequately plead "who" was involved with respect to alleged false claims...........................................6

            2.  Relator does not adequately plead "what" was involved with respect to alleged false claims. .................................................7

            3.  Relator does not adequately plead "when" the alleged false claims were made..........................................................................10

            4.  Relator does not adequately plead "where" the alleged false claims were made or paid. ...........................................................11

            5.  Relator does not adequately plead "how" the false claims were made. ....................................................................................11

        ii.  Relator's Count I FCA allegations do not state a cognizable FCA claim with respect to materiality. ...............................................12

    B.  Relator's Count II Does Not State a Cause of Action............................................13

    C.  The Court Should Decline to Exercise Jurisdiction over Relator's Count III, but in any event, Count III Should be Dismissed. ...........................................15

CONCLUSION...................................................................................................................17

# TABLE OF AUTHORITIES

PAGE(S)

CASES:

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................................................2

*Bowman v. State Bank of Keysville*,
   331 S.E.2d 797 (Va. 1985)................................................................................................16

*Degraw v. Wike*,
   No. 2:10cv435, 2011 WL 3268578 (E.D. Va. May 9, 2011)...............................................1, 9

*Drobnak v. Andersen Corp.*,
   561 F.3d 778 (8th Cir. 2009) ..............................................................................................9

*Francis v. National Accrediting Commission of Career Arts & Sciences., Inc.*,
   796 S.E.2d 188 (Va. 2017)................................................................................................16

*Glynn v. EDO Corp.*,
   710 F.3d 209 (4th Cir. 2013) ........................................................................................2, 14

*Hammond v. Northland Counseling Center, Inc.*,
   218 F.3d 886 (8th Cir. 2000) .............................................................................................15

*Harrison v. Westinghouse Savannah River Co.*,
   176 F.3d 776 (4th Cir. 1999) ..............................................................................................4

*Johnston v. William E. Wood & Associates*,
   787 S.E.2d 103 (Va. 2016)................................................................................................16

*Lasercomb America, Inc. v. Reynolds*,
   911 F.2d 970 (4th Cir. 1990) ..............................................................................................4

*Leggins v. Orlando Housing Authority*,
   No. 6:13-cv-232-Orl-37DAB, 2013 WL 937739 (M.D. Fla. Mar. 11, 2013).........................15

*Rowan v. Tractor Supply Co.*,
   559 S.E.2d 709 (Va. 2002)................................................................................................16

*Shapiro v. UJB Financial Corp.*,
   964 F.2d 272 (3d Cir. 1992)................................................................................................9

*Shaw v. AAA Engineering & Drafting Inc.*,
  213 F.3d 519 (10th Cir. 2000) ........................................................................15

*United States ex rel. Ahumada v. NISH*,
  756 F.3d 268 (4th Cir. 2014) ..................................................................... *passim*

*United States ex rel. Clausen v. Laboratory Corp. of America, Inc.*,
  198 F.R.D. 560 (N.D. Ga. 2000).......................................................................10
  290 F.3d 1301 (11th Cir. 2002) .................................................................. *passim*

*United States ex rel. Falus v. Interamerican College Of Physicians & Surgeons,
  Inc.*,
  No. 97 Civ. 1371 RMBTHK, 1999 WL 813473 (S.D.N.Y. Oct. 12, 1999) ..........................15

*United States ex rel. Karvelas v. Melrose-Wakefield Hospital*,
  360 F.3d 220 (1st Cir. 2004)............................................................................12

*United States ex rel. Lawson v. Aegis Therapies, Inc.*,
  No. CV 210-072, 2015 U.S. Dist. LEXIS 45221 (S.D. Ga. Mar. 31, 2015) ............................8

*United States ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.*,
  No. 1:09-CV-1086 (AJT), 2011 WL 2182422 (E.D. Va. May 4, 2011).............................4, 11
  707 F.3d 451 (4th Cir. 2013) ..................................................................... *passim*

*United States ex rel. Ubl v. IIF Data Solutions*,
  No. 1:06cv641, 2007 WL 2220586 (E.D. Va. Aug. 1, 2007)......................................... *passim*

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
  525 F.3d 370 (4th Cir. 2008) ..........................................................................3, 5

*Universal Health Services, Inc. v. United States ex rel. Escobar*,
  136 S. Ct. 1989 (2016)............................................................................... *passim*

*Wag More Dogs, LLC v. Cozart*,
  680 F.3d 359 (4th Cir. 2012) ...........................................................................3

*Waybright v. Frederick County*,
  528 F.3d 199 (4th Cir. 2008) ........................................................................2, 15

*Zahodnick v. International Business Machines Corp.*,
  135 F.3d 911 (4th Cir. 1997) ..........................................................................14

**STATUTES:**

31 U.S.C.

    § 3729................................................................................................................15

    § 3729(a)(1) ........................................................................................................5

    § 3729(a)(1)(A)...................................................................................................4

    § 3729(a)(1)(B)...................................................................................................4

    § 3730(h)....................................................................................................13, 15

    § 3730(h)(2) ......................................................................................................15

Va. Code Ann. § 18.2-178 .............................................................................15, 16

**RULES:**

FED. R. CIV. P. 9(b) ............................................................................ *passim*

FED. R. CIV. P. 12(b)(6) ..................................................................... *passim*

Triple Canopy, Inc. ("Triple Canopy") submits this Memorandum in Support of its Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 9(b) ("Rule 9(b)") and 12(b)(6) ("Rule 12(b)(6)").  The Amended Complaint should be dismissed because, despite Relator's attempt to plead additional facts beyond those pleaded in the initial Complaint, his Amended Complaint does not meet either the Rule 9(b) standard to plead fraud with particularity or the Rule 12(b)(6) standard to state a plausible claim for relief.

## I.    STATEMENT OF FACTS

Relator Stephen Bachert (the "Relator"), claims to have worked as an Armorer and Senior Armorer with Triple Canopy during certain periods in 2014 and 2015.  Am. Compl. ¶ 24. Relator filed an Amended Complaint in this matter on July 17, 2017.  ECF No. 30.[1]  The Amended Complaint alleges two Counts of purported violations of the federal False Claims Act (the "FCA") and one Count of Wrongful Termination under Virginia state law.

## II.    SUMMARY OF ARGUMENT

*First*, Relator's Count I should be dismissed because it does not meet the pleading standards of Rules 9(b) or 12(b)(6).  As was the case with his initial Complaint, Relator's Amended Complaint fails to identify with particularity a single false claim, as is required by the Fourth Circuit.  *See United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013) [hereinafter "*Nathan*"] (explaining that an FCA relator must put at least one "specific false claim" at issue to survive a Rule 9(b) motion).  Relator's general allegations in the Amended Complaint that Triple Canopy billed the State Department, which he pleads on the basis of "information and belief," Am. Compl. ¶¶ 43, 56, do not suffice.  *Degraw v. Wike*, No. 2:10cv435, 2011 WL 3268578, at *2 (E.D. Va. May 9, 2011).  The Amended Complaint, like the

---

[1] Relator has filed his Amended Complaint against Triple Canopy, Inc.

original, does not allege anything about the contents of such claims—*i.e.*, who allegedly submitted them, when they were submitted, and what he believes Triple Canopy received thereby—all of which are necessary components of an FCA complaint. *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014). Additionally, Relator does not sufficiently allege that any purported noncompliance was material to the Government's decision to pay any claim, a crucial element of an FCA action. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1996, 2003 (2016).

  **Second,** Relator's FCA retaliation claim in Count II should be dismissed because, as noted above, he does not demonstrate the materiality of any alleged noncompliance that he states he investigated. *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013). Furthermore, he fails to link any of his "reporting" to any adverse employment action that he alleges Triple Canopy took against him. Thus, Relator's Count II fails to state a valid claim.

  **Third,** the Court should decline jurisdiction over Relator's Count III, which alleges Wrongful Termination under Virginia state law, because it is a pendent claim and Relator's other two federally-based Counts should be dismissed. *Waybright v. Frederick Cty.*, 528 F.3d 199, 209 (4th Cir. 2008). In any event, Count III does not state a plausible claim for relief pursuant to Rule 12(b)(6) because it does not in any way link Relator's alleged "complaining" to his supposed "termination" or purported transfer.

## III.   STANDARDS OF REVIEW UNDER RULES 9(b) AND 12(b)(6)

  To survive a Rule 12(b)(6) motion, a complaint must "'state a claim to relief that is plausible on its face.'" *Nathan*, 707 F.3d at 455 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678

(internal quotations and citations omitted). Further, while a court must "view the facts alleged

[in a complaint] in the light most favorable to the plaintiff, [the court] will not accept 'legal

conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or

arguments.'" *Nathan*, 707 F.3d at 455 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359,

365 (4th Cir. 2012)).

In addition to satisfying Rule 12(b)(6) and *Iqbal* standards, "fraud claims under the

[FCA] must be pleaded with particularity pursuant to Rule 9(b)." *Nathan*, 707 F.3d at 455; FED.

R. CIV. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances

constituting fraud . . . ."). This means that FCA plaintiffs must "describe the time, place, and

contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby." *Ahumada*, 756 F.3d at 280 (quoting *United

States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). "More

precisely, the complaint must allege 'the who, what, when, where and how of the alleged fraud.'"

*Id.* (quoting *Wilson*, 525 F.3d at 379). And bald allegations of a fraudulent scheme that fail to

identify at least one "specific false claim" that "was presented to the government for payment"

fail under the Rule 9(b) standard. *Nathan*, 707 F.3d at 456; *see also United States ex rel. Clausen

v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002) (explaining that, with respect to

actual claims in FCA actions, a court "cannot be left wondering whether a plaintiff has offered

mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit").

The heightened Rule 9(b) pleading standard is intended to accomplish four primary goals:

(1) "ensure[] that the defendant has sufficient information to formulate a defense by putting it on

notice of the conduct complained of"; (2) "protect defendants from frivolous suits"; (3)

"eliminate fraud actions in which all the facts are learned after discovery"; and (4) "protect[]

defendants from harm to their goodwill and reputation."  *Harrison v. Westinghouse Savannah*

*River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal marks and citations omitted).  A complaint

that must, but does not, satisfy Rule 9(b) "is treated as a failure to state a claim under Rule

12(b)(6)."  *Id.* at 783 n.5; *see also Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 980 (4th Cir.

1990) ("[A] complaint which fails to specifically allege the time, place and nature of the fraud is

subject to dismissal on a Rule 12(b)(6) motion.").

## IV.   ARGUMENT

### A.  Relator's Count I Fails to Allege an FCA Claim.

In Count I, Relator alleges violation of both 31 U.S.C. § 3729(a)(1)(A) (hereinafter

referred to as "subsection (A)"), and 31 U.S.C. § 3729(a)(1)(B) (hereinafter referred to as

"subsection (B)").  Am. Compl. ¶ 73.  To plead adequately a violation of subsection (A), a relator

must allege that "(1) . . . there was a false statement or fraudulent course of conduct; (2)

[knowingly] made or carried out . . . ; (3) that was material; and (4) that caused the government

to pay out money or to forfeit moneys due (*i.e.*, that involved a 'claim')."  *Harrison*, 176 F.3d at

788.  To plead adequately a violation of subsection (B), a relator must allege that the defendant

knowingly made a false record or statement material to a false claim that "improperly caused the

government to pay out money or to forfeit money due."  *United States ex rel. Nathan v. Takeda*

*Pharms. N. Am., Inc.*, No. 1:09-CV-1086 (AJT), 2011 WL 2182422, at *3 (E.D. Va. May 4,

2011) [hereinafter "*Takeda*"] (Trenga, J.).

Moreover, the materiality standard under the FCA is "rigorous" and "demanding."

*Escobar*, 136 S. Ct. at 1996, 2003.  In clarifying how the materiality standard should be

enforced, the *Escobar* Court explained that: (1) "A misrepresentation cannot be deemed material

merely because the Government designates compliance with a particular statutory, regulatory, or

contractual requirement as a condition of payment"; (2) "Nor is it sufficient for a finding of materiality that the Government would have the option to decline to pay if it knew of the defendant's noncompliance"; and (3) "Materiality . . . cannot be found where noncompliance is minor or insubstantial." *Id.* at 2003. The Court underscored that the FCA is not "'an all-purpose antifraud statute'" or a "vehicle for punishing garden-variety breaches of contract or regulatory violations." *Id.* (citation omitted). Indeed, the Court "emphasize[d]" that the "[FCA] is not a means of imposing treble damages and other penalties for insignificant regulatory or contractual violations." *Id.* at 2004. The Court also explicitly rejected the contention that "materiality is too fact intensive for courts to dismiss [FCA] cases on a motion to dismiss." *Id.* at 2004 n.6.

Relator's Count I does not establish a plausible claim to relief pursuant to Rule 12(b)(6) with respect to either subsection of 31 U.S.C. § 3729(a)(1), and he does not plead a violation of either subsection with the necessary degree of particularity required by Rule 9(b). Additionally, Relator's Count I is summarily pleaded and does not meet the "rigorous" and "demanding" *Escobar* materiality standard. *Id.* at 2003. Accordingly, both the subsection (A) and subsection (B) components of Relator's Count I fail as a matter of law.

### i. Relator's Count I fails to plead particularized facts as required by Rule 9(b).

Relator's Count I fails to identify "'the who, what, when, where and how'" of any alleged false claim, *Ahumada*, 756 F.3d at 280 (quoting *Wilson*, 525 F.3d at 379), and instead generally pleads, on the basis of "information and belief," that Triple Canopy falsely billed the State Department, *see, e.g.*, Am. Compl. ¶ 43. Thus, Count I cannot survive a Rule 9(b) motion to dismiss.[2]

---

[2] Relator does not plead the alleged violations of subsection (A) and subsection (B) separately from one another, *see* Am. Compl. ¶¶ 71-76, so Triple Canopy does not address them separately in this Motion.

### 1. Relator does not adequately plead "who" was involved with respect to alleged false claims.

The entirety of Relator's Count I fails because it does not identify *any* individual who submitted *any* claim to the government, much less any individual who *knowingly* submitted a *false* claim that caused the Government to pay money that the Government did not owe. *Ahumada*, 756 F.3d at 280 (explaining that FCA plaintiffs must "describe the . . . identity of the person making the [allegedly false] misrepresentation and what he obtained thereby"). More specifically, the Amended Complaint contains no allegations that anyone allegedly aware of Relator's "reports" concerning alleged falsification of documentation or alleged failure to properly inspect and maintain weaponry was in any way involved in the submission of claims such that those individuals could themselves knowingly submit, or cause the submission of, false claims.

Relator's Count I primarily centers on the alleged conduct of Mr. Mark Fields, whom Relator identifies as a former "co-worker" and "fellow armorer."  Am. Compl. ¶ 33.  In his Amended Complaint, Relator claims that he relayed concerns that he had about Mr. Fields' alleged actions to Relator's supervisor, Mr. Robert Zalewski, and Mr. Frank Laura, who Relator identifies as "his third line supervisor" and a "Program Manager."  *Id.* ¶¶ 39, 47.  Relator does not allege that Mr. Zalewski or Mr. Laura was involved in billing, and Mr. Laura's role and authority is otherwise not described in the Amended Complaint.  Additionally, Relator states that he told Mr. Zalewski's replacement, Mr. Gene Eiing, "about Mr. Fields' improper conduct," though Relator does not describe what, exactly, he told Mr. Eiing.  *Id.* ¶ 46.  And neither a reference to Mr. Eiing himself nor Mr. Eiing's job responsibilities, including any allegation that

Mr. Eiing was involved in billing, otherwise appears in the Amended Complaint.[3]  Relator also

does not allege that Mr. Fields himself was responsible for submitting claims to the Government

for payment, and he does not connect any purported action by Mr. Fields to the submission of a

particular claim that Relator alleges is false.

In sum, Relator does not allege that any of the individuals referenced above knowingly

presented or caused false claims to be presented to the Government, which, under Fourth Circuit

law, is a foundational requirement of his Count I claim.  *Ahumada*, 756 F.3d at 280; *see Nathan*,

707 F.3d at 456 ("[W]hen a relator fails to plead plausible allegations of presentment, the relator

has not alleged all the elements of a claim under the [FCA].").

## 2.    Relator does not adequately plead "what" was involved with respect to alleged false claims.

Relator's Count I fails because he neglects to identify in his Amended Complaint *even*

*one* claim that Triple Canopy allegedly submitted, or caused to be submitted, to the Government

on the basis of the conduct he alleges.  *Clausen*, 290 F.3d at 1313 (explaining that

"[u]nfortunately for" the relator, he did not include "more information about claims actually

submitted," such as "identification of actual, and not merely possible or likely, claims submitted,

items on particular claim forms and the dates on which they were submitted to the Government"

in his amended complaint, and that as a result, the relator's complaint could not survive a Rule

9(b) motion); *see also id.* (noting that the relator "failed to provide any . . . information linking

the testing schemes to the submission of any actual claims or any actual charges"); *Nathan*, 707

---

[3] Relator still offers *no* support for his broad and conclusory allegation that "officers and employees" of Triple Canopy, LLC "*directed*" any inappropriate behavior.  Am. Compl. ¶ 19 (emphasis added).  Indeed, he does not even endeavor to identify one person listed in his Amended Complaint as an "officer."  Claims founded on such allegations, lacking any basis in fact, serve only to "harm . . . [Triple Canopy's] reputation" and should be summarily dismissed. *United States ex rel. Ubl v. IIF Data Sols.*, No. 1:06cv641, 2007 WL 2220586, at *3 (E.D. Va. Aug. 1, 2007) (Ellis, J.).

F.3d at 456 ("[FCA] liability . . . attaches only to a claim actually presented to the government for payment.").

Indeed, because Relator fails to identify even one claim in the first instance, he definitively fails to put forward any allegation of a "specific *false* claim" that Triple Canopy actually submitted to the Government on the basis of the conduct that he alleges.  *Id.* (emphasis added); *see United States ex rel. Lawson v. Aegis Therapies, Inc.*, No. CV 210-072, 2015 U.S. Dist. LEXIS 45221, at *34 (S.D. Ga. Mar. 31, 2015) (finding no material issue of fact where the government did not "come forward with admissible evidence of a single claim and [say] 'this one is objectively false'").  This is the case with respect to Relator's documentation-based claims, as well as those premised upon a purported failure to maintain certain weapons in operable condition.  Without linking any of the alleged conduct to any discrete claim, Relator's Amended Complaint simply cannot survive a Rule 9(b) motion.  *See Clausen*, 290 F.3d at 1311, 1314 (characterizing actual false and fraudulent claims as "the *sine qua non* of a[n] [FCA] violation"); *c.f. Ubl*, 2007 WL 2220586, at *2 (refusing to grant the defendant's motion to dismiss FCA claims relating to overbilling for services where a relator "identifie[d] the specific invoices that allegedly contain[ed] . . . false hours – Nos.  89, 94, 96, and 99 – and note[d] that the invoices were submitted to the government at the National Guard Bureau in Arlington on April 4, May 3, June 5, and July 3, 2002, respectively").  Additionally, because Relator still does not identify even one claim that he alleges was false in his Amended Complaint, he certainly does not come close to describing the *contents* of any allegedly false claim, as required by applicable standards of law.  *See Ahumada*, 756 F.3d at 280 (requiring FCA plaintiffs to describe the "contents of the false representations" to survive a motion to dismiss).

Relator apparently attempts to meet his burden by simply assuming that claims must have been submitted and paid. *See* Am. Compl. ¶ 43 (alleging, "[u]pon information and belief" that Triple Canopy billed the government), *id.* ¶ 56 (also alleging, "[u]pon information and belief," that Triple Canopy billed the government). As a preliminary matter, allegations like these, pleaded on the basis of information and belief, are generally insufficient to survive a Rule 9(b) challenge. *See Clausen*, 290 F.3d at 1314 (explaining that "an insider might have an easier time obtaining information about billing practices and meeting the pleading requirements under the" FCA, but nonetheless noting that "neither the Federal Rules nor the [FCA] offer any special leniency . . . to justify . . . failing to allege with the required specificity the circumstances of the fraudulent conduct [a relator] asserts in his action"); *Degraw*, 2011 WL 3268578, at *2 (explaining that allegations pleaded on "information and belief" are insufficient to survive a motion to dismiss where, as here, a relator fails to plead "'the nature and scope of [the relator's] efforts to obtain, before filing the complaint, the information needed to plead with particularity'" (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992))); *id.* (explaining that "'[a]llegations pleaded on information and belief'" usually "'do not meet Rule 9(b)'s particularity requirement'" (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009))).[4]

Additionally, vague allusions to "billing" do not allow Triple Canopy to identify particular claims the Relator believes to be at issue, and Relator's Count I thus falls woefully short of applicable Rule 9(b) particularity standards. *Nathan*, 707 F.3d at 456; *Ubl*, 2007 WL 2220586, at *3. *See also United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-cv-

---

[4] Relator's allegation that the conduct he complained of was never investigated is also founded on "information and belief," Am. Compl. ¶¶ 39, 42, as is his identification of the contract he claims is at issue, *id.* ¶ 27.

9

1223, slip op. at 12 (D. Conn. June 19, 2017) ("Ultimately, the plaintiff must plead the submission of false claims with a high enough degree of particularity that defendants can reasonably identify particular false claims for payment that were submitted to the government." (internal quotations and citations omitted)); *id.* at 1, 13-14 (granting the defendant's motion to dismiss where a relator provided "*zero* details identifying particular false claims," such as "the dates of the claims, the content of the bills, the identification numbers, the charged amount, particular goods or services billed, and the length of time between the fraudulent practices and submitted bills," and instead merely concluded fraudulent bills "must have been submitted"). Moreover, permitting Relator's Count I to advance without requiring him to identify a single claim allegedly at issue will allow him to advance on an unchecked fishing expedition during discovery, an end that Rule 9(b) seeks to avoid. *See Ubl*, 2007 WL 2220586, at *3 (explaining that Rule 9(b) is intended, in part, to "eliminate[] fraud actions in which all of the facts are learned after discovery"); *see also United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 198 F.R.D. 560, 564 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002) ("The particularity requirement of Rule 9(b) . . . will result in claims with discernable boundaries and manageable discovery limits.").

### 3. Relator does not adequately plead "when" the alleged false claims were made.

As explained above, Relator does not identify any date, or even any date range, during which a single allegedly false claim was submitted to or paid by the Government. Thus, Count I does not satisfy the Fourth Circuit's basic pleading requirements under Rule 9(b). *See Ahumada*, 756 F.3d at 280 (requiring FCA plaintiffs to describe the "time" of "the false representations" to survive a motion to dismiss).

**4.   Relator does not adequately plead "where" the alleged false claims were made or paid.**

Relator still provides no description whatsoever in the Amended Complaint of a single location where anyone employed by Triple Canopy actually made a claim for payment to the Government or received payment on the basis of such a claim.  Such an allegation is insufficient under applicable standards of law.  *See Ahumada*, 756 F.3d at 280 (requiring FCA plaintiffs to describe the "place" of "the false representations" to survive a motion to dismiss).

**5.   Relator does not adequately plead "how" the false claims were made.**

Ultimately, Relator has not pleaded any nexus between the conduct he alleges and actual specific claims submitted to the Government for payment in his Amended Complaint.  Thus, his revised pleading does not "ensure[] that [Triple Canopy] has sufficient information to formulate a defense by putting [it] on notice of the conduct complained of."  *Ubl*, 2007 WL 2220586, at *3; *see also Clausen*, 290 F.3d at 1313 ("If Rule 9(b) is to carry any water, it must mean that [the] . . . circumstance[s] of fraudulent conduct cannot be alleged in such conclusory fashion.").

Relator's broad allegations relating to billing in Count I of the Amended Complaint do not meet the Rule 9(b) requirement to plead fraud with particularity.  Thus, Count I must be dismissed.  *Id.* (explaining that "mere conjecture" is insufficient to survive a motion to dismiss).[5]

---

[5] It is also worth noting that, beyond the fact that Relator's Count I fails under Rule 9(b) because it does not adequately plead any information about any claim, Relator's allegations regarding purported underlying conduct also fall short of Rule 9(b)'s heightened pleading standard.  For instance, Relator does not adequately allege that any person ever created a document that improperly caused the Government to pay money that was not due to Triple Canopy, or that any person or Triple Canopy ever "obtained [anything] thereby."  *Ahumada*, 756 F.3d at 280; *see also Takeda*, 2011 WL 2182422, at *3 (explaining the requirements of a subsection (B) claim).  Additionally, Relator's revised Count I fails inasmuch as it relates to documentation that he alleges Mr. Fields "backdated" or altered because Relator still has not sufficiently identified those documents in the Amended Complaint, or explained how he allegedly knows that they were inaccurate.  *Compare, e.g.*, Compl. ¶ 28 (stating that Relator "examined other records" but offering no additional information to identify those documents), *with* Am. Compl. ¶ 35 (failing to provide any additional details); *compare, e.g.*, Compl. ¶ 34

      **ii.**    **Relator's Count I FCA allegations do not state a cognizable FCA claim with respect to materiality.**

Even assuming that Relator has "state[d] with particularity the circumstances constituting the alleged fraud," this does not end the analysis, because a "court must also consider whether . . . the alleged fraud . . . [is] of the type for which the False Claims Act provides a remedy." *See Ubl*, 2007 WL 2220586, at *3 (citing *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 232 (1st Cir. 2004)). Relator has not made such a pleading. In particular, Relator has not sufficiently pleaded "materiality," which is a necessary component of any FCA action.

Because Relator does not allege that Triple Canopy ever made any "express certification" to the Government, Relator apparently attempts to advance an "implied certification" theory of liability. In *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), the Supreme Court unanimously agreed that implied certification liability is only appropriate where, *inter alia*, a defendant fails "to disclose noncompliance with material statutory, regulatory, or contractual requirements" such that a "representation[]" by the defendant is equivalent to a "misleading half-truth[]." *Id.* at 2001. Additionally, *Escobar* establishes that the focus of an FCA materiality analysis must be whether an alleged violation would have affected the Government's decision to pay the defendant:

> [P]roof of materiality can include . . . evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual

---

(claiming Mr. Fields altered "records" relating to certain guns, but providing no specific details about the form or name of those documents, the creation or maintenance of those documents, or why the Relator believes they had actually been changed), *with* Am. Compl. ¶ 41 (failing to provide any additional details). Such a deficient pleading does not put Triple Canopy on notice of the conduct alleged and thereby runs afoul of Rule 9(b). *United States ex rel. Ubl v. IIF Data Sols.*, No. 1:06cv641, 2007 WL 2220586, at *3 (E.D. Va. Aug. 1, 2007) (Ellis, J.). Further, in violation of Rule 9(b), Relator still fails to describe when and where the alleged underlying misconduct occurred. *See Ahumada*, 756 F.3d at 280 (explaining that a Relator must describe the "time" and "place" of alleged "false representations" to survive Rule 9(b)).

> requirement.  Conversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material.   Or, if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material.

*Id.* at 2003-04.

Preliminarily, Relator has not sufficiently pleaded that Triple Canopy made any misrepresentation to the Government whatsoever, *see supra* Section IV(A)(i)(2) (noting that the Relator fails to plead any facts about even one specific claim), so he certainly does not sufficiently allege that Triple Canopy ever made a representation that was equivalent to a "misleading half-truth[]," *Escobar*, 136 S. Ct. at 2001.  Further, even if he did make such a pleading, Relator has not adequately pleaded that Triple Canopy violated any underlying "statutory or regulatory" requirement or that the Government refuses to pay claims on the basis of the conduct alleged in the "mine run of cases."  *Id.* at 2003-04.  Additionally, Relator has not pleaded that Triple Canopy had knowledge that the Government "consistently" denies claims premised upon the alleged conduct, that Triple Canopy requested payment anyway, and that Triple Canopy was paid.  *Id.* at 2003.  Thus, Relator has not sufficiently pleaded that the FCA "provides a remedy" here, *Ubl*, 2007 WL 2220586, at *3, and Relator fails to state a plausible claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678.  His Count I, therefore, must be dismissed.

### B.  Relator's Count II Does Not State a Cause of Action.

Relator's Count II alleges a violation of the FCA's anti-retaliation provision as set forth in 31 U.S.C. § 3730(h).  To plead a claim for FCA retaliation, a plaintiff must allege that "(1) he engaged in 'protected activity' by acting in furtherance of a *qui tam* suit [or other efforts to stop one or more violations of the FCA]; (2) his employer knew of these acts; and (3) his employer

13

took adverse action against him as a result of these acts." *Glynn*, 710 F.3d at 214 (quoting

*Zahodnick v. Int'l Bus. Mach. Corp.*, 135 F.3d 911, 914 (4th Cir. 1997)); *see also Ameti*, slip op.

at 26 ("[A] plaintiff must allege that he was retaliated against *because of* his engagement in

protected conduct and provide sufficient facts to support this claim.").  With respect to the first

prong of the analysis, a plaintiff claiming FCA retaliation must demonstrate that the alleged

noncompliance that he investigated was material.  *See Glynn*, 710 F.3d at 217 (stating that in

order to conclude that the relator engaged in protected activity, the court had to assess the

materiality of the allegedly false certifications).

    As explained above in Section IV(A)(ii), notwithstanding his own beliefs, Relator has not

sufficiently alleged in his Amended Complaint that any noncompliance was material.  Hence, the

first prong, and indeed the entirety of Relator's FCA retaliation claim, fails.  *See, e.g.*, *id.* at 214

(stating that failure "to offer sufficient evidence to establish [that the relator] engaged in

protected activity is dispositive in this case").  Moreover, even if Relator does somehow satisfy

the first prong of the FCA retaliation analysis, he still must satisfy the third prong, which requires

that his Amended Complaint allege that "adverse action against him" was taken "because of" his

activities.  *Ameti*, slip op. at 26; *Glynn*, 710 F.3d at 214.  Relator alleges that Triple Canopy

reassigned him and subjected him to a salary reduction as an "induce[ment]" to cause Relator to

"quit his employment."  Am. Compl. ¶ 62.  However, Relator offers no link whatsoever, much

less a plausible one, between any alleged conduct by Triple Canopy against him and his reporting

of what he believed to be wrongful conduct.  *See id.* ¶¶ 49, 57-70.  He certainly offers no facts in

support of his unfounded accusation that some action by Triple Canopy "caused [his] new

employer to transfer him" within the role he secured after leaving Triple Canopy's employ.  *Id.*

¶¶ 68-69.  Relator fails to connect the dots.  A claim that entirely fails to plead any basis in fact,

such as Relator's Claim II, is not "'plausible on its face'" and cannot withstand a Rule 12(b)(6)

challenge. *Nathan*, 707 F.3d at 455 (quoting *Iqbal*, 556 U.S. at 678).[6]

### C. The Court Should Decline to Exercise Jurisdiction over Relator's Count III, but in any event, Count III Should be Dismissed.

Should the Court dismiss Counts I and II, it should also decline jurisdiction over

Relator's Virginia state employment (Wrongful Termination in Violation of Public Policy, Va.

Code Ann. § 18.2-178) claim in Count III.  Where a federal court dismisses all of a plaintiff's

federal claims, it should not exercise jurisdiction over the remaining state claims.  *Waybright*,

528 F.3d at 209 ("With all its federal questions gone, there may be the authority to keep [state

law claims] in federal court . . . but there is no good reason to do so.").  Nonetheless, even if the

Court does exercise jurisdiction over Count III, Relator's allegation that he was wrongfully

---

[6] Relator's prayer for relief in Count I, which relates to violation of 31 U.S.C. § 3729, includes a request for back pay and interest on back pay.  Am. Compl. ¶ 76.  Such damages are not recoverable under Count I, and thus, at the very least, that component of Relator's Count I should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  Back pay and interest on back pay is only available, if at all, under 31 U.S.C. § 3730(h), which Relator addresses in a totally different count, Count II.  Am. Compl. ¶¶ 77-88.  To the extent that Relator's Count II seeks compensatory and special damages beyond those permitted by 31 U.S.C. § 3730(h)(2), it should also be dismissed.

Further, Relator's Count II also includes a prayer for relief of "punitive damages in the amount of $1,000,000."  Am. Compl. ¶ 88.  The FCA retaliation provision, however, does not authorize punitive damages, *see* 31 U.S.C. § 3730(h)(2), and while it appears the Fourth Circuit may be silent on the issue, the weight of existing authority indicates that punitive damages are unavailable under that provision, *see, e.g.*, *Shaw v. AAA Eng'g & Drafting Inc.*, 213 F.3d 519, 536-37 (10th Cir. 2000) ("[T]he FCA does not provide for punitive damages . . . ."); *Hammond v. Northland Counseling Ctr., Inc.*, 218 F.3d 886, 888 n.2 (8th Cir. 2000) (explaining that plaintiff's arguments about entitlement to punitive damages were "without merit"); *Leggins v. Orlando Hous. Auth.*, No. 6:13-cv-232-Orl-37DAB, 2013 WL 937739, at *3 (M.D. Fla. Mar. 11, 2013) ("[P]unitive damages are not available under [31 U.S.C. § 3730(h)]."); *United States ex rel. Falus v. Interamerican Coll. Of Physicians & Surgeons, Inc.*, No. 97 Civ. 1371 RMBTHK, 1999 WL 813473, at *2 (S.D.N.Y. Oct. 12, 1999) (explaining that 31 U.S.C. § 3730(h) was "intended to make a plaintiff whole" and was not meant to be "punitive").  As a matter of law, Relator is not entitled to punitive damages for a violation of 31 U.S.C. § 3730(h) and his claim should be dismissed.

terminated in violation of Virginia public policy does not satisfy the pleading standard of Rule

12(b)(6) and should be dismissed.

"Virginia adheres to the employment at-will doctrine," which permits an employer "'to

terminate the employment relationship without the need to articulate a reason.'" *Francis v. Nat'l*

*Accrediting Comm'n of Career Arts & Scis., Inc.*, 796 S.E.2d 188, 190 (Va. 2017) (quoting

*Johnston v. William E. Wood & Assocs.*, 787 S.E.2d 103, 104-05 (Va. 2016)).  Although there are

"public policy" exceptions to this rule, the exceptions are "narrow," *Bowman v. State Bank of*

*Keysville*, 331 S.E.2d 797, 801 (Va. 1985), and termination in violation of a public policy "does

not automatically give rise to a common law cause of action for wrongful discharge," *Rowan v.*

*Tractor Supply Co.*, 559 S.E.2d 709, 711 (Va. 2002) (internal quotations and citation omitted).

Relator alleges Triple Canopy "terminated" him because he "refused to engage in

violations of 18.2-178 [(a Virginia statute relating to obtaining money by false pretense with

intent to defraud)] and contacted his supervisors and then Triple Canopy's human resources and

legal department."  Am. Compl. ¶ 92.[7]  Relator does not sufficiently allege that he was ever

asked to engage in behavior that would violate the public policy behind a statute relating to

obtaining money by false pretense such that he could "refuse" to participate in such conduct in

the first place.  Further, Relator offers no basis whatsoever for his claim that he was "terminated"

in part because he allegedly contacted human resources or the legal department.

---

[7] The statute Relator cites states that

> [i]f any person obtain[s], by any false pretense or token, from any person, with
> intent to defraud, money, a gift certificate or other property that may be the
> subject of larceny, he shall be deemed guilty of larceny thereof; or if he obtain[s],
> by any false pretense or token, with such intent, the signature of any person to a
> writing, the false making whereof would be forgery, he shall be guilty of a Class 4
> felony.

Va. Code Ann. § 18.2-178.

Moreover, as is the case with his Count II, Relator does not connect his alleged "complaining," Am. Compl. ¶ 91, to his alleged transfer or "termination."  Rather, his Amended Complaint simply lists a series of alleged events relating to a purported transfer, and jumps to the unfounded conclusion, on the basis of no pleaded facts, that he must have been "terminated" because he allegedly reported what he believed to be fraud.  Am. Compl. ¶¶ 57-70.  Vague allegations like these, based on Relator's own private beliefs and assumptions rather than sufficiently pleaded fact, are violative of *Iqbal*'s plausibility standard and do not permit Triple Canopy the opportunity to adequately defend itself against Relator's Count III.  *Iqbal*, 556 U.S. at 678 (explaining that even pleading facts "consistent" with a defendant's liability is not enough to survive a Rule 12(b)(6) motion).  The onus is on Relator to explain in certain terms the foundation for his own cause of action; it is not Triple Canopy's burden to deduce the basis of the allegations against it.  Thus, just like his Count II, Relator's Count III cannot withstand a 12(b)(6) challenge and must be dismissed.

## **CONCLUSION**

Triple Canopy respectfully requests that the Court grant its Motion to Dismiss the Complaint.

[SIGNATURE BLOCK ON NEXT PAGE]

17

Dated: July 27, 2017

Respectfully submitted,

TRIPLE CANOPY, INC.

By its attorneys,

*/s/ Catherine E. Creely*

Catherine E. Creely (VSB No. 74796)
   ccreely@akingump.com
Charles F. Connolly (*pro hac vice*)
   cconnolly@akingump.com
Robert K. Huffman (*pro hac vice*)
   rhuffman@akingump.com
Scott M. Heimberg (*pro hac vice*)
   sheimberg@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for Triple Canopy, Inc.*

18

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2017, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Catherine E. Creely*