**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.* STEPHEN BACHERT, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:16 CV 456 (TSE/JFA) |
| TRIPLE CANOPY, INC., | |
| Defendant. | |

**DEFENDANT'S REPLY TO RELATOR'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Triple Canopy, Inc. ("Triple Canopy"), in its Amended Motion to Dismiss the Amended Complaint (the "Amended Motion to Dismiss"), demonstrated that the Relator's Amended Complaint does not comply with the pleading requirements of Federal Rules of Civil Procedure 9(b) ("Rule 9(b)") or 12(b)(6) ("Rule 12(b)(6)"). Relator's Memorandum of Law in Opposition (the "Opposition") fails to adequately explain how his allegations satisfy those requirements and Triple Canopy's Amended Motion to Dismiss should therefore be granted.

**I.    STATEMENT OF FACTS**

Relator's Amended Complaint alleges two Counts of violations of the federal False Claims Act (the "FCA") and one Count of Wrongful Termination pursuant to Virginia state law. *See* ECF No. 30. On July 27, 2017, Triple Canopy filed its Motion to Dismiss the Amended Complaint, *see* ECF No. 32, which it later amended on July 31, 2017, *see* ECF No. 35. Relator has filed an Opposition to Triple Canopy's Amended Motion to Dismiss. *See* ECF No. 41.

## II.    SUMMARY OF ARGUMENT

*First*, in order to plead a viable implied false certification theory of liability under the FCA as Relator purports to do here, Relator must allege facts sufficient to show that Triple Canopy's claims for payment made "specific representations about the goods or services provided" and that Triple Canopy's "failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2001 (2016). Relator does not allege that Triple Canopy's claims for payment contain any representation regarding the goods or services provided.  Furthermore, Relator also has not sufficiently pleaded the materiality of the alleged noncompliance.  *See id.* at 2003-04.  Indeed, the facts as pleaded suggest that the U.S. Government (the "Government") did not find the purported noncompliance material.

*Second*, Count I of Relator's Amended Complaint should also be dismissed because it fails to plead with particularity any facts relating to any alleged false claims as required by the Fourth Circuit.  *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 280 (4th Cir. 2014); *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013). Relator's reliance on certain language from *Nathan* and the Fifth Circuit's decision in *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009) in arguing that he need only satisfy a more relaxed standard is a tactic that the Eastern District of Virginia has previously rejected where, as here, a relator simply pleaded allegations related to underlying allegedly fraudulent conduct rather than pleading facts relating to a broader scheme to submit false claims. *See United States ex rel. McLain v. KBR, Inc.*, No. 1:08-cv-499 (GBL/TCB), 2013 WL 710900, at *10 (E.D. Va. Feb. 27, 2013) (Lee, J.) (addressing a relator's reliance on *Grubbs* and granting the defendant's motion to dismiss because the relator "fail[ed] to identify a single false claim or

2

some details of a scheme that touch[ed] upon and affect[ed] the claims process"); *see also United States ex rel. Hagood v. Riverside Healthcare Ass'n*, No. 4:11cv109, 2015 WL 1349982, at *14 (E.D. Va. Mar. 23, 2015) (refusing to apply *Grubbs* on similar facts).

**Third**, Relator's Amended Complaint fails to state a valid retaliation claim because it does not adequately plead that any action was taken against him *because of* his alleged "reporting." *Glynn v. EDO Corp.*, 710 F.3d 209, 214 (4th Cir. 2013); *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, No. 3:14-cv- 1223, slip op. at 26 (D. Conn. June 19, 2017). Additionally, the Court should decline jurisdiction over Relator's Count III because it is a pendent claim and Relator's other two federally-based Counts should be dismissed. *Waybright v. Frederick Cty.*, 528 F.3d 199, 209 (4th Cir. 2008). Moreover, the Court should particularly decline jurisdiction over Count III here because Virginia state law on "constructive" discharge (a theory upon which Relator's Count III is apparently premised) is unsettled, and a federal court should decline to "extend [Virginia] law beyond any point recognized" by that state. *Stradtman v. Republic Servs., Inc.*, 121 F. Supp. 3d 578, 583 (E.D. Va. 2015) (Cacheris, J.).

## III. ARGUMENT

### a. Relator does not state a valid implied certification theory of FCA liability.

Relator's Opposition states that he is advancing an implied certification theory of FCA liability. *See* ECF No. 41 at 10. The Supreme Court has unanimously held that such liability is only appropriate where "at least . . . two conditions are satisfied: first, [a] claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Escobar*, 136 S. Ct. at 2001; *United States v. Academi Training Ctr., Inc.*, 220 F. Supp. 3d 676, 680 (E.D. Va. 2016) (Ellis, J.). This is a two-part test, the first part of which Relator totally ignores. Relator's

Amended Complaint does not even allege that any Triple Canopy claim for payment contained specific representations about the goods or services provided.  Indeed, as explained in Section III.b, *infra*, Relator's Amended Complaint fails to identify a single claim or to allege a single fact about a Triple Canopy claim.  Thus, Relator does not come close to showing that any "specific representation" by Triple Canopy was equivalent to a "misleading half-truth" and his Count I fails to state a valid claim.  *Id.*; *see also United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 332 (9th Cir. 2017) (affirming grant of summary judgment of an implied certification action where there was no evidence that the defendant's "vouchers made any specific representations about [the defendant's] performance"); *United States v. Eastwick Coll.*, 657 F. App'x 89, 94 (3d Cir. 2016) (affirming dismissal of an implied certification action where a relator did "not identify any misrepresentations made by the [defendants] to the government about their alleged behavior"); *United States ex rel. Mateski v. Raytheon Co.*, No. 2:06-cv-03614-ODW(KSx), 2017 WL 3326452, slip op. at *4 (C.D. Cal. Aug. 3, 2017) ("[A]n FCA claim under an implied false certification theory cannot survive if the relator does not identify any specific representations in the claims for payment."); *United States ex rel. Schimelpfenig v. Dr. Reddy's Labs. Ltd.*, No. 11-4607, 2017 WL 1133956, slip op. at *5 (E.D. Pa. Mar. 27, 2017) (granting a motion to dismiss an implied certification action where the relators did "not allege that [the defendants] made specific representations about the products for which they sought Government reimbursement").

Further, while Relator discusses the *Escobar* materiality standard in his Opposition, he largely ignores the Supreme Court's guidance that a materiality analysis should focus on whether a defendant "knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance" of the type alleged and whether the "Government [typically] pays a particular claim in full despite its actual knowledge that . . . requirements [such as those at

issue] were violated." *Escobar*, 136 S. Ct. at 2003-04. Relator has pleaded no facts relating to whether Triple Canopy knew that the Government usually would deny claims under the circumstances Relator alleges here. And, in pleading that he informed "a State Department employee [about] his concerns," Relator unwittingly admits that the Government *was* aware of Triple Canopy's alleged noncompliance, and indeed, that it was put on notice of such alleged behavior by actions of the Relator *himself*. ECF No. 41 at 26. Tellingly, Relator's Amended Complaint is devoid of any reference to any action the State Department took in light of that information, which suggests that the Government did not find the alleged noncompliance raised by Relator material. Accordingly, Relator has not sufficiently pleaded violation of the FCA, and his allegations must be dismissed.

### b. Relator's Count I does not adequately plead facts relating to any claim.

In Triple Canopy's Amended Motion to Dismiss, Triple Canopy relied upon the Fourth Circuit's decision in *Nathan* for the concept that allegations premised upon the FCA that fail to identify at least one "specific false claim" that "was presented to the government for payment" cannot survive Rule 9(b). 707 F.3d at 456-57 (affirming the Eastern District of Virginia's dismissal of an amended complaint after explaining that "[w]ithout . . . plausible allegations of presentment, a relator not only fails to meet the particularly requirement of Rule 9(b), but also does not satisfy the general plausibility standard of [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]").

Nonetheless, the *Nathan* court also suggested that there may be circumstances in which a relator could allege sufficient facts to "necessarily le[a]d to the plausible inference that false claims were presented to the government[,]" and that a relator meeting such a standard may not need to plead as particularized facts as generally required by the Rule 9(b) FCA standard to survive a motion to dismiss. *Id.* The Fourth Circuit cited the Fifth Circuit's decision in *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009) as an example of when

application of such a relaxed pleading standard may be appropriate.  *See Nathan*, 707 F.3d at 457-58.  In short, the Fifth Circuit concluded in *Grubbs* that an FCA relator had satisfied Rule 9(b), even in the absence of information about specific false claims, where he alleged numerous detailed facts about an allegedly fraudulent *scheme for payment* that "necessarily led to the plausible inference" that false claims were submitted.  *Id.*; *Grubbs*, 565 F.3d at 192.  In his Opposition, Relator relies upon the language in *Nathan* and on *Grubbs* to argue that he is entitled to "infer" that Triple Canopy submitted invoices.  *See* ECF No. 41 at 17-18.  However, Relator's reliance on the particular language in *Nathan* and on *Grubbs* is misplaced.  Relator's case is easily distinguishable from *Grubbs*, as exhibited by the similarities between the facts here and those in *United States ex rel. McLain v. KBR, Inc.*, No. 1:08-cv-499 (GBL/TCB), 2013 WL 710900, (E.D. Va. Feb. 27, 2013), a post-*Nathan* decision by Judge Lee of the Eastern District of Virginia's Alexandria Division in which Judge Lee declined to apply the holding in *Grubbs*. 2013 WL 710900, at *9-10.

The relator in *McLain*, just as Relator here, argued at the motion to dismiss phase that the court should apply the lesser standard enunciated in *Grubbs* and should, accordingly, find that his complaint, though lacking details about specific claims, established reliable indicia to infer that claims were "necessarily" submitted.  *Id.* at *9.  Judge Lee was unpersuaded and explained that the *McLain* relator's reliance on *Grubbs* "crumble[d]" because the *McLain* relator's complaint "lack[ed] any allegations of a scheme to submit *false claims*"; to the contrary, the pleading focused on the underlying conduct of "falsifying compliance testing and results" and did not link any alleged falsification to the defendant's "claims process."  *See id.* at *9-*10.  In granting the defendant's motion to dismiss and distinguishing the *McLain* facts from those in *Grubbs*, Judge Lee stated that,

> [u]nlike *Grubbs*, [the *McLain*] [r]elator fail[ed] to allege any facts regarding a scheme for payment.  The only fraudulent scheme [alleged] is that of falsifying reports.  The [c]omplaint remains devoid of how these reports could be materially connected to any scheme involving claims for payment.  There is a significant difference between pleading the *details* of a false claim and pleading facts to infer the *existence* of a false claim.  Any relaxation with respect to pleading details of false claims is not to be equated with eliminating the requirement that a false claim be pled. . . . *Relator's argument fails to appreciate the necessity that the scheme described must be one of the claims process, not the underlying fraudulent act.*

*Id.* at *10 (third emphasis added); *McLain v. KBR, Inc.*, No. 1:08-CV-499 (GBL/TCB), 2014 WL 3101818, at *7 (E.D. Va. July 7, 2014) (dismissing the *McLain* relator's subsequent amended complaint with prejudice, in part because the amended complaint, like the original, "did not allege how [the] falsification of records may have been included or referenced in a claim for payment" (quotation marks and citation omitted)); *McLain v. KBR, Inc.*, 612 F. App'x 187, 188 (4th Cir. 2015) (concluding that the Eastern District of Virginia did not "err in [finding] that the [*McLain* relator's] amended complaint failed to plead fraud with the requisite specificity" and affirming dismissal with prejudice); *see also Hagood*, 2015 WL 1349982, at *14 (acknowledging the language at issue in *Nathan* but declining to apply the holding in *Grubbs* because, unlike the *Hagood* relator, the *Grubbs* relator pleaded facts about the *Grubbs* defendants' "regular billing track" and explained the relationship between the misconduct alleged and its impact on the *Grubbs* defendants' "billing system" (quotation marks and citation omitted)); *McLain*, 2013 WL 710900, at *9 (explaining that, even in *Grubbs*, the relator offered a "'description of the billing system'" of the defendant (quoting *Grubbs*, 565 F.3d at 190-91)).

Relator's Amended Complaint suffers from the exact deficiencies Judge Lee identified in the *McLain* relator's pleading because Relator, at best, merely attempts to plead facts relating to alleged *underlying noncompliant conduct* and does not adequately plead facts relating to a

broader allegedly fraudulent "*scheme involving [submission of false] claims for payment*."  *Id.* at *9-10 (emphasis added).  More specifically, Relator focuses on alleged documentation failures and alleged failure to complete weapons inspections but does not adequately plead that any alleged misconduct was a part of a scheme to knowingly submit false claims via Triple Canopy's "claims process."  *Id.*  Indeed, Relator does not plead any facts at all relating to Triple Canopy's "claims process" or "billing system," which distinguishes him from the relator in *Grubbs* and places him firmly alongside the relator in *McLain*.  *Id.*; *Grubbs*, 565 F.3d at 190-91; *see also Hagood*, 2015 WL 1349982, at *14.  Relator, therefore, does not plead that false claims were "necessarily" submitted here, the relaxed pleading standard described in *Grubbs* is inapplicable, and the typical heightened Rule 9(b) FCA pleading standard, of which Relator falls woefully short, applies.

In sum, Relator has not carried his burden to plead facts relating to specific claims, and he cannot escape this requirement by relying on the Fifth Circuit's inapposite *Grubbs* decision.  Relator's Count I is thus insufficient as a matter of law and should be dismissed.[1]

---

[1] Relator's allegations that Triple Canopy billed the Government are pleaded on "information and belief."  ECF No. 41 at 16-17.  To survive a motion to dismiss, then, Relator was required to plead "'the nature and scope of [his] efforts to obtain, before filing the complaint, the information needed to plead with particularity.'"  *Degraw v. Wike*, No. 2:10cv435, 2011 WL 3268578, at *2 (E.D. Va. May 9, 2011) (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992)).  Relator failed to make such a pleading in his first Complaint, and he likewise failed to do so in his Amended Complaint.  Rather than attempt to meet this burden in either pleading, Relator asks in his Opposition that the Court afford him leave "to file a Second Amended Complaint with those allegations."  ECF No. 41 at 21 n.1.  Relator has already had two chances to sufficiently satisfy this burden, and he has failed in each instance.  The Court should not grant him a third opportunity.  *See Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) ("In the Eastern District of Virginia, an amendment may be considered futile where [a plaintiff has] previously had two full opportunities to plead [his] claim."); *Travelers Cas. & Sur. Co. v. Danai*, No. Civ. A. 05-356, 2005 WL 2045398, at *3 (E.D. Va. Aug. 22, 2005) (denying a request to file a Second Amended Complaint because plaintiff had already had "two full opportunities to plead [his] claim").

**c.   Relator's retaliation allegations are not adequately pleaded and the Court should decline jurisdiction over Count III.**

Just as Relator impermissibly asks the Court to ignore his obligation to plead facts relating to specific claims and instead simply "infer" that claims were submitted, he likewise asks that the Court assume that Triple Canopy must have taken retaliatory actions against him because Relator allegedly "reported" what he believed to be violations of the FCA.  *See* ECF No. 41 at 23.  However, Relator pleads no factual basis for many of the alleged retaliatory actions that he claims Triple Canopy took against him and he does not connect certain events, temporally or otherwise, to any of his alleged "reporting."  *See, e.g.*, Am. Compl. ¶ 63 (alleging that Relator was "ignored and excluded from conversations by management," and that he was "required to work on [his] day off" despite pleading no other facts in support of those allegations, including why he believes those actions were taken due to his alleged "reports"); *see also Glynn*, 710 F.3d at 214 (explaining that, to bring an FCA retaliation action, a relator must show that an employer "took adverse action against [the relator] as a result of" a relator's "protected activity"); *Ameti*, slip op. at 26 (requiring an FCA plaintiff to allege "he was retaliated against *because of* his engagement in protected conduct and provide sufficient facts to support this claim").  Moreover, any temporal relationship that Relator does identify in his Opposition between certain of his alleged "protected activities" and what he believes to have been retaliatory acts against him does not automatically lead to the conclusion that Triple Canopy retaliated against Relator.  *See King v. Rumsfeld*, 328 F.3d 145, 151 (4th Cir. 2003) (affirming grant of summary judgment and stating that facts relating to the timing between alleged protected activity and alleged retaliatory acts "far from conclusively establish[] the requisite causal connection"); *Soileau v. Guilford of Me., Inc.*, 105 F.3d 12, 16 (1st Cir. 1997) (describing a plaintiff's argument that he was retaliated against because he was terminated ten days after making a request for accommodation as too

"narrow" a focus and advocating a broader analysis beyond simply a relationship in time). Accordingly, Relator's retaliation claims should be dismissed.

Further, as explained in Triple Canopy's Amended Motion to Dismiss, the Court should decline jurisdiction over Relator's Count III, which alleges Wrongful Termination under Virginia state law, because it is a pendent claim and each of Relator's other federally-based counts should be dismissed for failure to state a claim. *Waybright*, 528 F.3d at 209 (explaining that, while federal courts may have the "authority to keep [state law claims] in federal court" when "all [the] federal questions [are] gone," there is "no good reason to do so"). Here, there is particularly "no good reason" for the Court to "keep" Relator's Count III because Virginia state law relating to "constructive" termination, which apparently serves as the premise for Relator's Count III (as expounded upon in the Opposition), is unsettled. *Stradtman*, 121 F. Supp. 3d at 583; *Waybright*, 528 F.3d at 209. The Eastern District of Virginia has previously acknowledged the Fourth Circuit's reticence to handle constructive wrongful termination matters out of fear that a federal court could end up "extend[ing] [Virginia] state law" beyond a point recognized by that state. *Stradtman,* 121 F. Supp. 3d at 583. Therefore, the Court should not exercise jurisdiction over Relator's Count III and should dismiss it.

## <u>CONCLUSION</u>

Triple Canopy respectfully requests the Court grant its Amended Motion to Dismiss the Amended Complaint pursuant to Rules 9(b) and 12(b)(6).

[SIGNATURE BLOCK ON NEXT PAGE]

Dated: August 16, 2017

Respectfully submitted,

TRIPLE CANOPY, INC.

By its attorneys,

*/s/ Catherine E. Creely*

Catherine E. Creely (VSB No. 74796)
  ccreely@akingump.com
Charles F. Connolly (*pro hac vice*)
  cconnolly@akingump.com
Robert K. Huffman (*pro hac vice*)
  rhuffman@akingump.com
Scott M. Heimberg (*pro hac vice*)
  sheimberg@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Counsel for Triple Canopy, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 16, 2017, I electronically filed this document

through the ECF system, which will send a notice of electronic filing to all counsel of record.

*<u>/s/ Catherine E. Creely</u>*